UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| JOHN DARBY, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-591 (VAB) |
| | : | |
| v. | : | |
| | : | |
| ROBERT J. MEREDITH, | : | |
| Defendant. | : | MAY 2, 2017 |

## INIITAL REVIEW ORDER

John Darby ("Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this Complaint *pro se* under 42 U.S.C. § 1983. Mr. Darby's Complaint was received on April 20, 2017, and his motion to proceed *in forma pauperis* was granted on April 19, 2017. Mr. Darby has sued Attorney Robert J. Meredith ("Defendant"), the Special Public Defender appointed to represent Mr. Darby in a state criminal matter and challenges the representation he was provided in the state criminal proceeding.

I. Standard of Review

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F. 3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation and quotation marks omitted).

II.     Factual Allegations

Charged with several criminal counts in state court, Mr. Darby alleges that he initially was to be charged with a federal count bank robbery. That charge allegedly became a state charge of robbery in the second degree and then was increased to robbery in the first degree. Ultimately, the State of Connecticut ("State") charged Mr. Darby with robbery in the first degree, threatening in the first degree, larceny in the second degree, and breach of peace in the second degree. Compl., ECF No. 1 at 1. Mr. Meredith served as his Special Public Defender. *Id.* at 2.

After allegedly meeting with Mr. Darby only once, Mr. Meredith tried to persuade Mr. Darby to accept a plea offer. *Id.* Mr. Darby alleges that Mr. Meredith provided inadequate representation and seeks to have him sanctioned. *Id.* ("I would like to file charges against said attorney counts of legal fraud and/or malpractice"). Because Mr. Meredith is paid by the State,

2

Mr. Darby argues, he is working to advance the State's objectives and not Mr. Darby's. *Id.* at 2-3 ("Ninety percent or more of [Mr. Meredith's] pay grade is coming from the state of Connecticut to represent indigent prisoners[.] … He is protecting his bread and butter by doing what the courts want him to do and not what's lawful to do.").

Mr. Darby also filed a copy of a Pro Se Prisoner Civil Rights Complaint Form, titled "Amended Complaint," in which he alleges claims of "legal malpractice, legal fraud, and violat[ions of his] U.S. Amendment Rights" against Mr. Meredith, citing 42 U.S.C. § 1983, § 1985, and § 1986. *See* Pro Se Prisoner Civil Rights Complaint Form, ECF No. 7, 2. Mr. Darby does not include specific allegations against Mr. Meredith in this Complaint Form. He does note, on the portion of the form that asks him to sign a Declaration on page 8, that "there isn't a page 8 … can you inform me why it said one and it was not one." *Id.*

III. Discussion

To state a claim under section 1983, Mr. Darby must allege that his constitutional or federally protected rights were violated by a person acting under color of state law. A person acts under color of state law when he exercises "some right or privilege created by the State … or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Mr. Meredith, however, is a Special Public Defender. A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Although paid by the State, Mr. Meredith is not a state actor under Section 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed

3

attorneys performing a lawyer's traditional functions as counsel to defendant do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983") (citing *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir.1979) (per curiam)); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law).

An otherwise private person, however, including a private attorney, can act under color of state law if he conspired with state officials to deprive a plaintiff of his constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984) ("Although appointed counsel in a state criminal prosecution does not act 'under color of' state law in the normal course of conducting the defense, an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights.") (internal citations omitted).

A conspiracy claim must be pleaded with specificity. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (dismissing conspiracy allegations as "inadequate" because they were "strictly conclusory" and did not provide "details of time and place," or "specify in detail the factual basis necessary to enable [the defendants] intelligently to prepare their defense.") (internal citations omitted); *Dwares v. City of N.Y.,* 985 F.2d 94, 100 (2d Cir.1993) ("[C]onclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." (citations, internal quotation marks, and internal alterations omitted).

To make a conspiracy claim, a plaintiff must allege an agreement between a state actor and a private party acting in concert to inflict an unconstitutional injury and an overt act done in furtherance of the conspiracy that caused the plaintiff damages. *See Ciambriello*, 292 F.3d at

324-25. Mr. Darby alleges only that Mr. Meredith tried to persuade him to accept a plea offer and that, because Mr. Meredith is being paid by the State, he is acting on the State's behalf and not on behalf of Mr. Darby. These allegations are insufficient to support a conspiracy claim.

The Court also notes that Mr. Darby's pro se prisoner civil rights complaint form, *see* ECF No. 7, alleges claims of "legal malpractice, legal fraud, and violat[ions of his] U.S. Amendment Rights" against Mr. Meredith, but does not state any additional facts that merit the Court's consideration of Mr. Meredith as a state actor. Further, while Mr. Darby may have received an incomplete form, he still had the opportunity to make additional allegations in the form he received. All claims against Mr. Meredith, therefore, must be dismissed under 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1)     The complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

(2)     The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of May, 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge